IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| BILL LIETZKE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:20-cv-1029-RAH-JTA |
| | ) | (WO) |
| CITY OF MONTGOMERY, AL, and | ) | |
| KEVIN MURPHY, Chief, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

### I.    INTRODUCTION

On May 3, 2023, the court ordered that,

**on or before May 17, 2023,** Lietzke shall **SHOW CAUSE** why he should not be sanctioned for violating Rule 11(b)(1)-(3) of the Federal Rules of Civil Procedure by repetitively filing the same case arising out of police briefly stopping him to investigate reports that he was following a woman at First Baptist Church, knowing that his claims have previously been dismissed without prejudice as frivolous and meritless, yet making no meaningful effort to address the deficiencies in the Complaint before refiling it. **Failure to comply with this Order may result in imposition of sanctions.**

(Doc. No. 11 at 38 (footnote omitted).)[1] Lietzke failed to show cause as ordered.

---

[1] The May 3, 2023 Recommendation of the Magistrate Judge and Order to Show Cause (Doc. No. 11) can be found at *Lietzke v. City of Montgomery, AL*, No. 20-cv-1029-RAH-JTA, 2023 WL 3239602, at *1 (M.D. Ala. May 3, 2023). In it, the undersigned details Lietzke's history of filing frivolous lawsuits both here and around the country, and the undersigned explains why Lietzke's filing of this and other frivolous suits is no mistake, but an act of bad faith.

Instead, on May 16, 2023, Lietzke filed a document purporting[2] to be an "Order"[3] from the Chief Judge of the United States District Court for the Northern District of Texas rejecting the May 3, 2023 Recommendation of the Magistrate Judge, challenging the undersigned's findings of fact and conclusions of law,[4] directing that the United States Marshals apprehend the undersigned, sentencing the undersigned to "confine[ment] in Tutwiler for seven (7) whole years," directing that the undersigned be disqualified from this case, directing that United States District Judge Myron H. Thompson (who is not assigned to this case) also be disqualified, entering default judgment in favor of Lietzke, and ordering that the undersigned "SHALL NOT respond to this ORDER OF DISQUALIFICATION." (Doc. No. 12 at 5.)

## II.    DISCUSSION

A.    Request for Disqualification

Despite Lietzke's admonition that the undersigned "SHALL NOT respond" to his "ORDER OF DISQUALIFICATION" (Doc. No. 12 at 5), the undersigned construes

---

[2] The "Order" is not signed by the Chief Judge of the Western District of Texas, nor do the matters it addresses fall within the jurisdiction of the Western District of Texas, nor is the "Order" written with the level of legal reasoning, acumen, word processing skills, or formatting characteristic of an order issued by a United States District Judge. As noted in the May 3, 2023 Recommendation, Lietzke is a notorious frequent filer in this District. The court is extremely familiar with Lietzke's peculiar legal writing style. That the "Order" was drafted by Lietzke is transparently obvious.

[3] In full, Lietzke titled the purported "Order" as follows: "Order of Disqualification of Magistrate Judge Jerusha T. Adams Order Entering Default Judgment Against Defendants Order Overruling Recommendation of the Magistrate Judge and Order to Show Cause." (Doc. No. 12 (sic).)

[4] As the undersigned advised Lietzke in the May 3, 2023 Recommendation (Doc. No. 11), it is Lietzke's right to timely challenge the undersigned's findings of fact and conclusions of law. That he done so, albeit in a forged "Order" from the United States District Court for the Western District of Texas, has no bearing on the court's decision regarding imposition of sanctions.

Lietzke's filing as containing a motion to disqualify, and the undersigned will address that motion. The only grounds proffered for the undersigned's disqualification are that, according to Lietzke,[5] the undersigned made legal and factual errors in the May 3, 2023 Recommendation. Those are not sufficient grounds for disqualification.[6] "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion;" rather, those "are proper grounds for appeal" or an objection, "not for recusal." *Liteky v. United States*, 510 U.S. 540, 555 (1994). Further, "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Id*. Moreover, "judicial remarks during the course of a [proceeding] that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge." *Id*.

---

[5] The undersigned disagrees with Lietzke's challenge to the Recommendation and finds nothing in Lietzke's filing that would warrant a withdrawal of the Recommendation. However, it is for the United States District Judge, not the undersigned, to determine whether Lietzke's objections have merit.

[6] The undersigned also finds no reason to recuse or disqualify on grounds that Lietzke's forged "Order" purports to impose a sentence of imprisonment on the undersigned. In this regard, the "Order" poses no threat, concern, or offense to the undersigned, as that portion of the "Order" is clearly so preposterous as to amount to a nullity to be disregarded without serious consideration. *See Cuyler v. Aurora Loan Servs., LLC*, No. 12-11824-DD, 2012 WL 10488184, at *1 n.2 (11th Cir. Dec. 3, 2012) ("A judge is not disqualified by a litigant's suit or threatened suit against him ..., or by a litigant's intemperate and scurrilous attacks [.]" (citations and internal quotation marks omitted)).

Accordingly, Lietzke's motion for disqualification is due to be denied. *See id.* at 556 (holding that grounds "consist[ing] of judicial rulings, routine trial administration efforts, and ordinary admonishments (whether or not legally supportable)" were "inadequate" grounds for recusal where they "*neither* (1) relied upon knowledge acquired outside such proceedings nor (2) displayed deep-seated and unequivocal antagonism that would render fair judgment impossible" (emphasis in original)); *see also Lopez v. De Vito*, 824 F. App'x 683, 688 (11th Cir. 2020) ("That Judge Middlebrooks ruled adversely to Plaintiff -- without more -- is insufficient to demonstrate pervasive bias or prejudice mandating recusal. Even an erroneous judicial ruling, by itself, constitutes proper grounds only for appeal, not recusal." (citation omitted)); *In re Drexel Burnham Lambert Inc.*, 861 F.2d 1307, 1312 (2d Cir. 1988) ("A judge is as much obliged not to recuse [her]self when it is not called for as [s]he is obliged to when it is."); *In re Princeton Med. Mgmt., Inc.*, 248 B.R. 907, 911 (Bankr. M.D. Fla. 2000) ("[A] judge has the duty to judge absent legitimate grounds for disqualification."). *Cf. Trump v. Clinton*, 599 F. Supp. 3d 1247, 1250 (S.D. Fla. 2022) ("When I became a federal judge, I took an oath to 'faithfully and impartially discharge and perform all duties ... under the Constitution and laws of the United States.' 28 U.S.C. § 453. I have done so … and this case will be no different.").

B.     Sanctions are Warranted and Will Be Imposed

"'[F]ederal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct [that] impairs their ability to carry out Article III functions.'" *Shell v. U.S. Dep't Of Hous. And Urb. Dev.*, 355 F. App'x 300, 308 (11th Cir.

4

2009) (quoting *Martin–Trigona v. Shaw*, 986 F.2d 1384, 1386–87 (11th Cir. 1993)). Courts may sanction such conduct, and they also have considerable discretion in crafting solutions to protect against abusive and vexatious litigation, so long as the plaintiff is not completely closed off from any access to the court. *Id.*; *Thomason v. Deutsche Bank, Tr. for Home Equity Mortg. Loan Asset-Backed Tr. Series INABA 2006-A, Home Equity Mortg. Loan Asset-Backed Certificates Series INABS 2006-A8*, No. 2:22-CV-52-ECM, 2022 WL 4371492, at *8 (M.D. Ala. Sept. 21, 2022); *see also Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 107 (2017) (noting the court's inherent authority "to fashion an appropriate [compensatory] sanction for conduct which abuses the judicial process'" (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-45 (1991)).

As explained in the May 3, 2023 Order (Doc. No. 11), this lawsuit is part of a twenty-year-long pattern[7] of Lietzke filing frivolous and meritless lawsuits, a pattern in which he stubbornly persists long after he has been warned by this and other courts of the consequences of such conduct.[8] In light of the previous warnings by this court and others, Lietzke's repetitive filings in this court and elsewhere are not merely careless mistakes.

---

[7] In the May 3, 2023 Order, the undersigned listed many times when Lietzke was warned by this court and others of his abuse of process and violation of Rule 11. (Doc. No. 11). That list is sufficient to illustrate the problem, but it is by no means an exhaustive recount of every time Lietzke has been warned, sanctioned, or declared a vexatious litigant. *See Lietzke v. Greyhound Lines, Inc.*, No. 2:21-CV-208-WKW-JTA, 2023 WL 3238941, at **9-13 (M.D. Ala. May 3, 2023) (setting forth a non-exhaustive history of Lietzke's vexatious litigation and of his admonishment for such conduct by this court and others).

[8] In the May 3, 2023 Order (Doc. No. 11), the undersigned explained the substance and history of Lietzke's intractable abuse of process and his violations of Rule 11 after having been warned about the Rule. The undersigned relies on its previous analysis and will not here rehash the details of Lietzke's abuse of process and violations of Rule 11.

Lietzke has been told that he violates Rule 11(b) of the Federal Rules of Civil Procedure by repeatedly filing complaints that he knows are frivolous and that fail to state a claim upon which relief can be granted. Further, as Judge Capel and Judge Moorer admonished Lietzke years ago, refiling the same complaint when he knows the claims within it are without merit constitutes vexatious abuse of process warranting appropriate sanctions. *Lietzke v. County of Montgomery, et al.*, Case No. 2:07-cv-00943-WKW-TFM, February 15, 2008 Report and Recommendation of the Magistrate Judge (Doc. No. 11 at 11-13), *report and recommendation adopted in part, rejected in part on other grounds*, March 3, 2008 Order (Doc. No. 8); *Lietzke v. County of Montgomery, et al.*, Case No. 2:07-cv-00814-WKW-WC, October 10, 2007 Report and Recommendation of the Magistrate Judge (Doc. No. 5 at 5 n.3), *report and recommendation adopted*, November 9, 2007 Order (Doc. No. 6). Lietzke has been given an opportunity to show cause why he should not be sanctioned for filing this action when he knew or should have known that it was unfounded, and he has failed to do so.

The undersigned has rarely, if ever, seen more contumaciously intractable disregard of Rule 11's requirements, or a more malicious abuse of process, than Lietzke has shown here. *See Lietzke v. Cnty. of Montgomery, Alabama*, No. 221CV00209MHTJTA, 2023 WL 3238944, at *10 (M.D. Ala. May 3, 2023) ("'Judge Manske of the Western District of Texas pointed out when he transferred this case to this court: "Bill Lietzke is perhaps one of the most notorious vexatious litigants to ever appear before this Court. Li[e]tzke has continually filed frivolous lawsuits….""" (quoting *Lietzke v. Greyhound Lines, Inc*., Case

No. 2:20-cv-01965-RKK, Dec. 14, 2020 Order (Doc. No. 5 at 2 n.1) (N.D. Ala. Dec. 14, 2020)).

Because Lietzke filed this case when he knew or should have known that the case was frivolous, and because Lietzke has continued to file such cases despite warnings from this court and others, the undersigned finds Lietzke has acted in bad faith. *See Lietzke v. City of Birmingham, et al.*, Case No. 9:19-cv-61-M-DLC (D. Mont.), April 19, 2019 Order (Doc. No. 3 at 3) ("Enough is enough. Lietzke's filings in this Court demonstrate, at best, indifference to the law. He is not acting in good faith."); *see also Peer v. Lewis*, 571 F. App'x 840, 843 (11th Cir. 2014) (stating that sanctions were warranted under the court's inherent powers where the subject of the sanctions "acted in bad faith by knowingly pursuing a frivolous claim"); *Barnes v. Dalton*, 158 F.3d 1212, 1214 (11th Cir. 1998) (stating that, where an attorney knowingly or recklessly raises a frivolous argument, a finding of bad faith is warranted). Further, the undersigned finds that Lietzke violated Rule 11 by filing this case when he knew or should have known that it was frivolous and malicious. Fed. R. Civ. P. 11(b); *Peer*, 571 F. App'x at 844 ("Rule 11 subjects to sanctions any lawyer" or unrepresented party "who files a pleading, motion, or other paper that is frivolous or lacks evidentiary support."). Therefore, sanctions are warranted and will be imposed pursuant to this court's inherent powers and Rule 11.  Fed. R. Civ. P. 11(c)(1); *Peer*, 571 F. App'x at 844 ("Federal courts possess potent inherent powers that they may use to 'fashion an appropriate sanction for conduct which abuses the judicial process.' *Chambers v. NASCO, Inc*., 501 U.S. 32, 44–45 (1991).").

Lietzke's vexatiously repetitive complaints are not harmless. Something must be done. "Filing a lawsuit is a serious matter, which often times results in significant consequences to the parties." *Nurse v. Sheraton Atlanta Hotel*, 618 F. App'x 987, 990-91 (11th Cir. 2015). Lawsuits are not vehicles for avenging one's pride or for venting indignation at a perceived insult or moral failing; they are for addressing a *legal* wrong. Neither are *in forma pauperis* lawsuits cheap lottery tickets to be amassed in the vain hope that, on the improbable off chance, one may yield a cash windfall. Lietzke's exploitation of judicial resources for lawsuits that he knows or should know are frivolous does harm to the judicial system and, by extension, to those it is designed to serve. "Every lawsuit filed, no matter how frivolous or repetitious, requires the investment of court time, whether the complaint is reviewed initially by a law clerk, a staff attorney, a magistrate [judge], or the [district] judge." *Procup v. Strickland*, 792 F.2d 1069, 1072 (11th Cir. 1986). "[J]udicial resources are far too scarce to be exploited by litigants who, after being specifically advised about how to correct their errors and warned that failing to do so will result in dismissal with prejudice, continue in their recalcitrance." *Nurse*, 618 F. App'x at 991. Time spent addressing Lietzke's frivolous cases is time diverted from meritorious litigation. *Lietzke v. Greyhound Lines, Inc*., No. 2:21-CV-208-WKW-JTA, 2023 WL 3238941, at *12 (M.D. Ala. May 3, 2023).

Though Lietzke's complaints are invariably dismissed prior to service of process, they repeatedly waste scarce judicial resources by requiring the court to address the same deficiencies again and again and again. Lietzke's habit of filing frivolous cases here and

around the country that arise out of the same acts or omissions and allege the same causes of action multiply the harm that would be done by a filing a single frivolous case. At times, the court unnecessarily duplicates the work of other courts because it is unaware[9] that some other court has already addressed the deficiencies in the same complaint. These are just a few of the ways in which Lietzke's conduct is harmful to the court system.

The undersigned is mindful that the amount of sanctions should be appropriate to the harm caused by the sanctioned party's wrongful conduct and the amount necessary to deter such conduct in the future. *See Haeger*, 581 U.S. at 108 ("This Court has made clear that … a sanction" fashioned under the court's inherent powers to sanction conduct that abuses the judicial process "must be compensatory rather than punitive in nature"); *Baker v. Alderman*, 158 F.3d 516, 528 (11th Cir. 1998) ("In determining the amount of sanctions to impose, a district court may take into account compensation of other parties and punishment of the offender, but deterrence remains the touchstone of the Rule 11 inquiry."); *Barnes*, 158 F.3d at 1215 ("Where, as here, the district court fashions a sanction which is a direct response to the harm that the bad faith conduct of the attorney causes, it is clearly acting within its discretion.").

Based on the court's inherent power and its obligation to protect litigants and its own judicial resources from vexatious and abusive litigation, and to deter Lietzke from

---

[9] Lietzke habitually omits from his filings any information related to previous dismissals or concurrent litigation of the same matters each time he files a complaint in this District. The court simply does not have the resources to review the records of every other federal and state court in the country to determine whether he has previously pursued or is currently pursuing the same case elsewhere.

impairing the court's function in the future by filing vexatious and repetitive complaints, the undersigned has considered carefully what sanctions to impose. In light of Lietzke's *in forma pauperis* status, the court will impose a nominal sanction of $1.00 in this case.[10]

Lietzke is ADVISED that, if the nominal sanction of $1.00 is not sufficient to deter him from refiling cases he knows or reasonably should know are frivolous, then, in the future, the amount of sanctions may be increased. When filing cases in other jurisdictions, Lietzke should also keep in mind that cases filed in the wrong venue may be transferred to this District. If any vexatious, malicious case is transferred here and assigned to the undersigned in the future, the undersigned will consider sanctions, if appropriate, in the same manner as if the case had originally been filed in this District.

Without doubt, the nominal sanction of $1.00 is by no means commensurate with the harm Lietzke has caused, but Lietzke cannot afford a sum that would compensate for that harm. The undersigned hopes that the *fact* of the sanction, rather than the amount, as well as the knowledge that future sanctions may be more significant and that each individual frivolous case can give rise to separately-imposed sanctions, may somehow

---

[10] Today, the undersigned is recommending similar measures in ten pending cases. *See Lietzke v. County of Montgomery*, Case No. 2:21-cv-00209-MHT-JTA; *Lietzke v. Greyhound Lines, Inc.*, Case No. 2:21-cv-00208-WKW-JTA; *Lietzke v. City of Montgomery*, Case No. 2:21-cv-00207-ECM-JTA; *Lietzke v. City of Birmingham*, Case No. 2:21-cv-00206-ECM-JTA; *Lietzke v. City of Montgomery*, Case No. 2:20-cv-01033-MHT-JTA; *Lietzke v. City of Montgomery*, Case No. 2:20-cv-01032-WKW-JTA; *Lietzke v. City of Montgomery*, Case No. 2:20-cv-01031-WKW-JTA; *Lietzke v. City of Montgomery*, Case No. 2:20-cv-01030-ECM-JTA; *Lietzke v. City of Montgomery*, Case No. 2:20-cv-01029-RAH-JTA; and *Lietzke v. County of Montgomery*, Case No. 2:20-cv-01028-ECM-JTA. The $1.00 sanction imposed in this case is *in addition to* the sanctions imposed simultaneously in other cases. Thus, as of today, Lietzke will owe a total of $10.00 in monetary sanctions ($1.00 per case).

inspire Lietzke, who is of limited means, to consider carefully before filing any future lawsuits whether those cases are frivolous or whether they are "warranted by existing law." Fed. R. Civ. P. 11 (b)(1).

### III.    CONCLUSION

Accordingly, it is

ORDERED that Lietzke's "Order of Disqualification of Magistrate Judge Jerusha T. Adams Order Entering Default Judgment Against Defendants Order Overruling Recommendation of the Magistrate Judge and Order to Show Cause" (Doc. No. 12) is CONSTRUED as containing a motion to disqualify the undersigned, and that motion is DENIED. Further, it is

ORDERED that, on or before June 23, 2023, Lietzke shall pay to the Clerk of the Court monetary sanctions in the amount of $1.00. This sanction is in addition to monetary sanctions ordered in any other case.

***Lietzke is ADVISED that additional sanctions may be imposed for failure to comply with this Order.***

DONE this 9th day of June, 2023.

JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE